KENNEDY *et al.*, administrators, *v.* WOFFORD *et al.*

A contract made on August 1, 1879, by which, in consideration of the payment of certain executions against the principal promisor, bearing seven per cent. interest, and their assignment to the promisee (such payment and assignment having been procured by the principal promisor and his surety), and of the accommodation extended by the promisee, principal and surety agreed to make good to him a sum additional equal to twelve per cent. per annum on the amount he paid, was valid and binding on both principal and surety. And it appearing that the promisee was induced by the contract to pay and have transferred the executions, so as to grant an indulgence of time to the principal, which was done, and that the executions were paid off from a fund in court arising from a sale of property of the principal, whereupon principal and surety refused to pay the extra interest contracted for, a breach of the contract and the damages resulting therefrom, and a consideration for the promise of the surety, were shown.

December 16, 1889.

Contracts. Principal and surety. Consideration. Interest. Before Judge MILNER. Bartow superior court. July term, 1889.

On May 29, 1883, T. H. and F. M. Kennedy, as administrators of James Kennedy, sued W. T. and James C. Wofford, alleging an indebtedness of defendants of $125, besides interest, on a written bond or obligation dated August 1, 1879, and due October 25, 1882, reciting that James Kennedy had, on August 1, 1879, paid off the principal, interest and costs on two *fi. fas.* as stated in the instrument, and had the same assigned to him by the plaintiffs (stating the parties, date of judgments and items of the amounts of each *fi. fa.*); making the total amount paid by Kennedy $557.87. In both these *fi. fas.* Wm. T. Wofford was defendant, but James C. Wofford was not a party. In consideration thereof and the accommodation extended by James Kennedy, Wm. T. and James C. Wofford agreed to pay or make good to him interest at the rate of twelve per cent. per annum on said sum of $557.87, from the date

of the instrument until the whole of said sum was paid, that is to say, "the *fi. fas.* bear interest on the principal at the rate of seven per cent., and it is the meaning and intention of this instrument that we are to pay and make good to said Kennedy the additional sum sufficient to make the interest on the whole amount paid, both principal, interest and costs ($557.87), amounting to twelve per cent. per annum."

Plaintiffs amended their declaration, alleging that on August 1, 1879, W. T. and James C. Wofford procured James Kennedy, who was then the sheriff of Bartow county, to pay off and have transferred to him the *fi. fas.* mentioned in the obligation, the transfer of the *fi. fas.* and the execution of said obligation being made at the same time; that Kennedy was induced by the giving of this obligation to pay off and take the transfer of said *fi. fas.* to himself so as to grant W. T. Wofford an indulgence of time within which to pay the same, which was done by Kennedy, and said *fi. fas.* were not in fact levied upon the property of W. T. Wofford until June 1, 1881; that on the 25th day of October, 1882, an order was passed by the judge of the superior court directing the payment of the principal, interest and costs due on said *fi. fas.* arising from the sale of the property of W. T. Wofford, then in the hands of the sheriff for distribution among the judgment creditors of said Wofford, and at said date the extra interest under the contract sued on became due and payable, which interest defendants failed and refused to pay; and that the principal, interest and costs due on said *fi. fas.* were in fact paid to plaintiffs under said order of the court on December 20, 1882.

The plaintiffs excepted to the dismissal of the action on demurrer, the grounds of which appear in the opinion.

J. B. CONYERS and J. A. HOWARD, for plaintiffs.

J. M. NEEL, for defendants.

BLANDFORD, Justice.

The declaration filed by the plaintiffs in this case against the defendants was demurred to (1) upon the ground that it did not set out fully and specifically the breach of the contract sued on, nor the items nor amounts of damages resulting therefrom; (2) because the writing sued on showed on its face that there was no consideration of value for the promise of J. C. Wofford, who was, as appeared from said paper, a mere surety, and such writing showed that the promisee therein had already, before obtaining said Wofford's promise, paid off and had assigned to him the *fi. fas.* against W. T. Wofford; and also showed that said promise did not bind the plaintiff to forbear the enforcement of defendant's *fi. fas.;* and (3) because no sufficient cause of action was set out in the declaration.

The court sustained the demurrer and dismissed the action, and the question here is, was that ruling right. We do not think that any ground of the demurrer was good; when the amendment was allowed (without objection), the declaration did show a breach of the contract and the damages resulting therefrom. And we think furthermore that it showed a consideration for the promise of the surety. While it is true that the promise was to pay more than the uniform legal rate of interest, yet the conventional rate of interest at the time the promise was made was 12 per cent., which was legal. We think this a valid contract and bound both principal and surety to pay the amount therein specified; and the demurrer should have been overruled.

*Judgment reversed.*